UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| IN RE: | COMMONWEALTH BIOTECHNOLOGIES, INC. | Case No. 11-30381-KRH<br>Chapter 11 |
| | Debtor. | |

COMMONWEALTH BIOTECHNOLOGIES, INC.

Plaintiff,

v.                                                                                                            Adv. Pro. No. 12-03038

FORNOVA PHARMWORLD, INC.

Defendant.

### MEMORANDUM OPINION

On January 20, 2011, Commonwealth Biotechnologies, Inc. ("CBI" or the "Plaintiff") filed a voluntary petition in this Court under Chapter 11 of the Bankruptcy Code. On May 16, 2011, Fornova Pharmworld, Inc. ("Fornova" or the "Defendant") timely filed its claim, Claim Number 18-1, in CBI's bankruptcy case.[1] CBI commenced an adversary proceeding in February of 2012 against Fornova objecting to Fornova's Claim Number 18-1. The Complaint in the adversary proceeding alleged that Fornova's Claim was unfounded under 11 U.S.C. §§ 105(a) and 502[2] and Rules 3001, 3007, and 7001(8) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules").

On March 15, 2012, Andrew Chien ("Mr. Chien"), purportedly acting as "trustee" for Fornova, filed a responsive pleading in the adversary proceeding on behalf of Fornova. The

---

[1] The claim in the amount of $622,167.00 was based on an alleged promissory note between CBI and Fornova (the "Fornova Note").

[2] Title 11 of the U.S. Code may hereinafter be referred to as the "Bankruptcy Code."

response was styled "Motion to Dismiss Adversary Proceeding." As Mr. Chien is not an attorney, he is not authorized to act on behalf of a corporate defendant.[3] Accordingly, the Clerk's office at the Bankruptcy Court (the "Clerk's office") issued a deficiency notice to Mr. Chien under Local Bankruptcy Rule 9010-1, informing him that corporations had to be represented by counsel. Notwithstanding the deficiency notice issued by the Clerk's office, Mr. Chien appeared before Court on March 20, 2012, on behalf of Fornova at a pretrial conference scheduled in the adversary proceeding. The Court advised Mr. Chien about Local Bankruptcy Rule 9010-1 at the pretrial conference and directed Mr. Chien to retain counsel on behalf of Fornova.

Mr. Chien ignored the Bankruptcy Court's instruction that he retain counsel for Fornova. Instead, Mr. Chien filed a document with the Court on April 24, 2012, styled "Motion of Permitting Adding Andrew Chien as an Intervening Defendant and Dismiss Complaint Against Chien Due to Defamation and Bankruptcy Fraud, and Further Request for Immediately Money Distribution to Creditors and Bar the Payment of the Counsel Fees of Tavenner & Beran, PLC and Auditor Fees of Witt Mares, PLC from CBI Because (l) They Involved Bankruptcy Fraud (2) CBI Has No Cash and All Cash Belongs to Creditors" (the "Motion to Intervene"). Mr. Chien thereafter appeared at a hearing held on April 25, 2012, to consider his Motion to Intervene. Mr. Chien argued that he should be permitted to participate on behalf of Fornova because he had an interest in Fornova and thus an interest in the outcome of CBI's case.

The Court rejected Mr. Chien's attempt to indirectly represent Fornova by personally advancing those interests on his own behalf. The Court informed Mr. Chien that an interest in a

---

[3] Local Bankruptcy Rule 9010-1 provides in pertinent part that "[a]ny petition, pleading or paper, other than those set forth in this Local Bankruptcy Rule, filed on behalf of an entity that is not a natural person acting in his or her own behalf and not signed by counsel permitted to appear under LBR 2090-1 shall be stricken by the Clerk, or in the case of a petition, dismissed, unless the deficiency is cured within 14 days of the mailing or delivery of a notice of deficiency." LBR 9010-1.

corporation does not confer individual standing to appear on behalf of a corporation in a bankruptcy case. The Court admonished Mr. Chien that he was not allowed to represent the interests of Fornova in the bankruptcy case or in the adversary proceeding, and expressly instructed Mr. Chien to hire counsel for Fornova. The Court entered an Order on May 1, 2012, striking the Motion to Intervene and ordering Mr. Chien not to appear before or file pleadings with the Court on behalf of Fornova except through counsel duly authorized to practice before the United States Bankruptcy Court for the Eastern District of Virginia (the "May 1 Order").

The trial of the adversary proceeding had originally been scheduled for June 14, 2012. The Court continued that date out of an abundance of caution to ensure that Fornova could be properly served and to ensure that Fornova would be afforded sufficient time to engage counsel.[4]

In spite of the May 1 Order and the Court's unambiguous instructions on both March 20, 2012, and April 25, 2012, Mr. Chien continued to file pleadings with the Court on behalf of Fornova. On June 13, 2012, Mr. Chien filed two pleadings styled "Request for Judicial Notice Pursuant to Fed. Rule Evid. Rule 201" and "Motion to Request for Ballots Notice/Service for the Reorganization Plan of CBI." Finding that the filing of these pleadings on behalf of Fornova appeared to violate the Court's May 1 Order, the Court entered an Order dated June 14, 2012, directing Mr. Chien to appear before the Court on July 18, 2012, to show cause why he should not be held in contempt and sanctioned for his conduct (the "Order to Show Cause").

---

[4] While the Plaintiff believed that it had effectuated proper service in the adversary proceeding, the Plaintiff filed a Motion for Order Directing Manner of Service of Complaint, Summons and Related Documents Pursuant to Rule 4(F)(3) of the Federal Rules of Civil Procedure (the "Rule 4(f) Motion"). The Bankruptcy Court granted the Rule 4(f) Motion by Order entered July 2, 2012 (the "July 2 Order"). Included among the Related Documents that the Court ordered be served on Fornova was the May 1 Order and a pretrial order setting the new trial date for September 11, 2012. The Return of Service filed with the Court shows that the Plaintiff did re-serve Fornova on July 3, 2012, this time pursuant to the terms of the Rule 4(f) Motion and the July 2 Order. Both English and Chinese versions of the documents were served. No response was ever filed by Fornova to the reissued Summons and Complaint.

On July 16, 2012, Mr. Chien filed a response to the Order to Show Cause entitled "Answer to Order Directed to Andrew Chien to Show Cause Why He Should Not Be Held in Contempt and Sanctioned" (the "Chien Response"). Mr. Chien also filed a pleading entitled "Memorandum of Facts and Law Why the Current Unsecured Creditor Committee Should Be Changed" (the "Chien Memorandum"). The Court accepted the Chien Response as a pleading filed by a pro se litigant on his own behalf in response to the Order to Show Cause. The Chien Response cited various rights of creditors under Chapter 11 of the Bankruptcy Code and made the argument that Mr. Chien's prior filings and communications with the Bankruptcy Court were pursuant to these rights. Mr. Chien, having failed to file a proof of claim in his own right, however, was not a creditor of CBI's bankruptcy estate.

The Chien Memorandum was not filed on Mr. Chien's personal behalf. It advanced various legal arguments on behalf of Fornova. These arguments included that CBI should not be permitted to remain in Chapter 11, that CBI was in violation of the Securities Exchange Act of 1934, that CBI had limited ability to carry forward its operating losses, that the adversary proceeding against Fornova was frivolous, that the Unsecured Creditors' Committee had failed to fulfill its duties, and that Mr. Chien should be appointed to the Unsecured Creditors' Committee.

At the hearing on the Order to Show Cause conducted on July 18, 2012, Mr. Chien provided several contradictory explanations for his continued filings and attempts to participate in CBI's bankruptcy case on behalf of Fornova. Mr. Chien first reiterated his belief that he should be permitted to participate on behalf of Fornova because he should be able to exercise the rights of a creditor under Chapter 11. Mr. Chien then stated that he filed the various pleadings and documents with the Court only to ensure that the Court was aware of his personal views on

4

the case. Finally Mr. Chien asserted that Fornova had assigned to him all of Fornova's rights to the funds allegedly owed to it by CBI.

Given that Mr. Chien had been clearly and unambiguously informed on multiple occasions by this Court, as well as in litigation before the United States District Court for the District of Connecticut,[5] that he could not personally represent a corporation, the Court concluded that Mr. Chien's actions in this case constituted a willful and wanton disregard for the rules and orders of the Court. The Court entered an Order, finding Mr. Chien to be in contempt of the Court's May 1 Order, awarding sanctions against him, and prohibiting Mr. Chien from appearing before or filing pleadings with the Bankruptcy Court on behalf of Fornova except through counsel duly authorized to practice before the United States Bankruptcy Court for the Eastern District of Virginia.[6]

On August 21, 2012, the Plaintiff moved for the entry of default and for default judgment against Fornova in the adversary proceeding. The Clerk entered default against Fornova on August 22, 2012. An evidentiary hearing was conducted on the September 11, 2012, trial date, to consider the Plaintiff's Motion for Default Judgment. After hearing the Plaintiff's evidence, the Court entered an Order on October 5, 2012, granting judgment by default, and disallowing and expunging Claim Number 18-1 filed by Fornova.[7] On October 15, 2012, Mr. Chien (once again improperly acting on behalf of Fornova) filed a Notice of Appeal. That appeal is now

---

[5] *See Chien v. Barron Capital Advisors, LLC*, 2011 U.S. Dist. LEXIS 137866 (D. Conn. Dec. 1, 2011); *Chien v. Skystar Bio Pharm. Co.*, 623 F. Supp. 2d 255 (D. Conn. 2009).

[6] Mr. Chien appealed and the United States District Court for the Eastern District of Virginia affirmed the May 1 Order.

[7] The Court found that Fornova was not a holder of any note made by the Plaintiff. Alternatively, the Court held that any obligation for moneys that may have been advanced to the Plaintiff by Fornova would have to be recharacterized as an equity contribution with a strike price of $1.01.

5

pending in the United States District Court for the Eastern District of Virginia (*Chien v. Commonwealth Biotechnologies, Inc.*, 3:12-cv-00900-REP).

Now before the Court is yet another pleading filed by Mr. Chien. This pleading styled "Motion to Approve Andrew Chien as the Substitution Party for Fornova as Defendant in this Case" was filed on January 29, 2013 (the "Motion"). CBI filed a Limited Objection to the Motion on February 21, 2013. A hearing on the Motion was held on February 28, 2013, at the conclusion of which, the Court denied the Motion. This memorandum opinion sets forth the Court's findings of fact and conclusions of law in support of that ruling in accordance with Bankruptcy Rule 7052.[8]

The Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the general order of reference from the United States District Court for the Eastern District of Virginia dated August 16, 1984. This is a core proceeding, *id.* § 157(b)(2)(A), (B), (C), and (O), in which final orders or judgments may be entered by a bankruptcy court, *id.* § 157(b)(1). Venue is appropriate in this Court. *Id.* § 1409(a).

After the Court disallowed and expunged Fornova's Claim Number 18-1, Mr. Chien filed an amended claim - Claim Number 18-3 - on January 3, 2013. Mr. Chien now asserts that he bought the Fornova Note from Fornova.[9] Mr. Chien attached a document labeled "Purch[a]sing Agreement" to his proof of claim form. According to the terms of the Purchasing Agreement, Mr. Chien acquired the Fornova Note in exchange for services he had rendered to Fornova in his collection efforts. The Purchasing Agreement also contained a choice of law provision, stating that Connecticut law would apply to the agreement. Mr. Chien did not attach the original or a

---

[8] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Fed. R. Bankr. P. 7052.

[9] The Court notes that Mr. Chien failed to follow the procedures mandated by Bankruptcy Rule 3001(e)(2) for the transfer of a previously filed claim.

copy of the note he purported to purchase to his amended proof of claim form for Claim Number 18-3. Relying on the amended claim and the Purchasing Agreement, Mr. Chien filed the present Motion wherein he seeks to substitute himself for Fornova both in the adversary proceeding (which is now concluded and on appeal) and in the underlying bankruptcy case.

The Court denied Mr. Chien's Motion because the Purchasing Agreement (assuming its validity) does not entitle Mr. Chien to enforce the Fornova Note.[10] A note is a negotiable instrument. Conn. Gen. Stat. § 42a-3-104. According to Connecticut state law, which has adopted the Uniform Commercial Code, only (i) "the holder of the instrument;" (ii) "a nonholder in possession of the instrument who has the rights of a holder;" and (iii) "a person not in possession of the instrument who is entitled to enforce the instrument pursuant to section 42a-3-309 or 42a-3-418(d)" are entitled to enforce an instrument. *Id.* § 42a-3-301. Mr. Chien does not meet any of these criteria.

Mr. Chien does not hold the Fornova Note. Mr. Chien could never have acquired the rights of a holder because there was no effective negotiation of the promissory note. Negotiation requires both a transfer of possession of the instrument and endorsement by the holder (unless the instrument is payable to bearer). *Id.* § 42a-3-201(b). Under Connecticut state law, transfer of an instrument occurs "when it is delivered by a person other than its issuer for the purpose of giving to the person receiving delivery the right to enforce the instrument." *Id.* § 42a-3-203. Mr.

---

[10] Mr. Chien's Motion is of no immediate moment. The Court has disallowed and expunged Fornova's Claim Number 18-1. Mr. Chien's amended claim is nothing more than an amended version of Fornova's prior claim. *See* 11 U.S.C. § 502(b)(9) (providing that a late-filing is grounds for disallowance). Filing an amendment to effect the transfer of a claim does nothing to enhance the underlying claim. Mr. Chien steps into the shoes of the holder of the Claim and his rights are no greater than the original holder. Accordingly, Mr. Chien's distribution and voting rights under Claim Number 18-3 would be subject to any and all prior Court Orders. *See Carnegia v. Georgia Higher Educ. Assistance Corp.*, 691 F.2d 482, 483 (11th Cir. 1982) (Transfer of claim "constituted a substitution of parties with no change in the nature of the claim against the appellant."). As Fornova's claim has been disallowed, Mr. Chien's claim (if the Motion were granted) would be disallowed as well. While the Court's Order disallowing Fornova's claim is on appeal to the United States District Court for the Eastern District of Virginia, by Order entered February 6, 2013, in 12-cv-00900-REP, the District Court denied Mr. Chien's Motion to Stay Pending Appeal. Accordingly, the claim presently remains expunged. See Fed. R. Bankr. P. 8005.

Chien admitted that Fornova never delivered the note to him. Mr. Chien further admitted that he did not possess the original note. Indeed, he has never even seen the original of the promissory note. Without delivery, there can be no effective transfer.[11] Accordingly, Mr. Chien is neither a holder of the instrument nor can he be a non-holder in possession of the instrument who has the rights of a holder.

Finally, Mr. Chien cannot be "a person not in possession of the instrument who is entitled to enforce the instrument pursuant to section 42a-3-309 or 42a-3-418(d)." Section 42a-3-309 applies to enforcement of lost, destroyed, or stolen instruments and permits enforcement if, inter alia, the person seeking enforcement was in possession of the instrument when the loss occurred. Mr. Chien has admitted that he was never in possession of the original note.[12] *See id.* § 42a-3-301.

The Court finds that Mr. Chien's Motion is just another attempt to circumvent the Court's prior rulings and the Local Bankruptcy Rules. The Court has repeatedly informed Mr. Chien that corporations, such as Fornova, must be represented by counsel permitted to appear before the Court under Local Bankruptcy Rule 2090-1. Despite the Court's instructions and its prior rulings, Mr. Chien has continued to attempt to represent the Defendant.[13]

The Court finds that Mr. Chien's attempt to substitute himself for Fornova is an unjust attempt to pursue collection of the Fornova Note on behalf of Fornova without the requirement of legal representation. Pursuant to Section 105(a) of the Bankruptcy Code, the Court may

---

[11] Even if the Purchasing Agreement is viewed as an allonge, it would be insufficient to transfer the promissory note because the note was not attached to the Purchasing Agreement.

[12] Section 42a-3-418(d) applies to enforcement after payment or acceptance by mistake, which is inapplicable to the facts of this case. Conn. Gen. Stat. § 42a-3-418(d).

[13] At the February 28 hearing, the Court inquired why Fornova had not hired counsel, despite the Court's instructions that it do so. While Mr. Chien's answer was a bit ambiguous, it was entirely clear that either he chose to disregard the Court's rulings or he chose not to communicate the Court's rulings to Fornova.

construct a remedy to ensure that "injustice or unfairness is not done in administration of the bankruptcy estate." *See In re Final Analysis, Inc.*, 389 B.R. 449, 465-66 (Bankr. D. Md. 2008) (citing *In re Exec. Office Ctrs., Inc.*, 96 B.R. 642, 650 (Bankr. E.D. La. 1988)).  The Court finds that granting the Motion would constitute injustice or unfairness.  This is particularly evident in light of Mr. Chien's penchant for representing corporations in federal court.  *See, e.g.*, *Chien v. Barron Capital Advisors, LLC*, 2011 U.S. Dist. LEXIS 137866, at *5 (D. Conn. Dec. 1, 2011) (awarding sanctions after holding that Mr. Chien could not represent a Chinese corporation, nor circumvent the rule by having the corporation assign him its rights); *Chien v. Skystar Bio Pharm. Co.*, 623 F. Supp. 2d 255, 264 (D. Conn. 2009) (same).  In light of Mr. Chien's conduct in this case, as well as in the other cases of which the Court is aware, the Court determines that denial of the Motion is an appropriate remedy to prevent further harm to CBI's bankruptcy estate.  *See also In re Final Analysis, Inc.*, 389 B.R. at 465-66 (sanctioning claimant for prior unauthorized representation of other after the claim had been transferred to the claimant by denying her the right to participate in the case pro se).

Accordingly, Mr. Chien's Motion will be denied.  A separate Order shall issue.

ENTERED: _____

                                                  /s/Kevin R. Huennekens
UNITED STATES BANKRUPTCY JUDGE